CHARLES WESLEY PURDY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82421. Promulgated September 28, 1937.

*G. K. Richardson, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

## OPINION.

MURDOCK: Section 23 (r) (1) of the Revenue Act of 1932 [1] limits the deduction for losses on stocks and bonds which are not "capital assets" to the amount of the gains from the sale or exchange of other stocks and bonds which are not "capital assets." Section 101 imposes a tax upon capital net gains. The petitioner sustained losses from

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
In computing net income there shall be allowed as deductions:

    \*          \*          \*          \*          \*          \*          \*

(r) LIMITATION ON STOCK LOSSES.—

(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

the sale of stocks and bonds which were not "capital assets." The losses amounted to $7,109.67. He realized a gain of $14,233.68 from the sale of 1,100 shares of General Electric Co. stock. If the latter shares were not "capital assets", the loss would be allowed in full as an offset against the gain. "Capital assets" is defined in section 101 (c) (8) as "property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business." The petitioner contends that the General Electric Co. shares were "property held by the taxpayer primarily for sale in the course of his trade or business" and, consequently, were not "capital assets."

The petitioner had held the General Electric Co. shares for more than two years prior to the sales in 1932. His promise not to sell them ended with his mother's death in 1931. Thereafter, he held them like other stocks and bonds which he owned, some of which he had acquired by purchase, some by inheritance. He devoted most of his time and capital to the business of buying and selling securities. He studied market conditions to discover which stocks might be expected to rise and which to fall in price. His business consisted of buying and selling in expectation of a profit. He bought and held stocks, not as an ordinary investor, not primarily for the security and earnings during the period of his ownership, but primarily for the profit which he hoped to make from sales at prices in excess of his cost. Sales were the essence of his business. He was at all times holding his stocks and bonds primarily for sale in the course of his business. Consequently, his stocks, including the General Electric Co. stocks, were not capital assets because by plain language of the definition they were of one of the kinds of property expressly excluded.

The foregoing is not an unreasonable interpretation of the statute. Dealers in stocks and bonds are excluded from the limitation of section 23 (r) (1). Inventorial property is not a capital asset. Stock in trade is not a capital asset. Although the petitioner was not a dealer, had no customers, and had no stock on his shelves which he could inventory under the revenue acts, nevertheless, his business, depending as it did upon the purchase and sale of stocks and bonds, was sufficiently like that of a dealer and sufficiently unlike that of an ordinary investor to be treated in this one respect like that of a dealer. Since all of his securities were held primarily for sale in the course of his trade or business, Congress has seen fit to make no distinction between them and has allowed all gains of the year to be offset by all losses.

For the reasons already stated, it is immaterial that we see no merit in the other argument of the petitioner in which he tried to show that he was a "trader" and that traders, like dealers, are excluded by section 23 (r) (3) from the limitation of 23 (r) (1).

*Decision will be entered under Rule 50.*

